

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.

No. 2:24-cr-00104-NT

TIMOTHY RILEY

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Bank Robbery)

On about June 12, 2024, in the District of Maine, the defendant,

**TIMOTHY RILEY**

by force, violence and intimidation did take from the person or presence of another, money belonging to and in the care, custody, control, management, and possession of the Gorham Savings Bank, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation. In committing such offense, defendant did put in jeopardy the life of another person by the use of a dangerous weapon, to wit, a Glock, Model 19 handgun, Ser. No. UVP161.

All in violation of Title 18, United States Code, Sections 2113(a) and (d).

### COUNT TWO
### (Brandishing Firearm During Crime of Violence)

On about June 12, 2024, in the District of Maine, the defendant,

**TIMOTHY RILEY**

did knowingly use, carry, and brandish a firearm, that is, a Glock, Model 19 handgun, Ser. No. UVP161, during and in relation to the Bank Robbery offense alleged in Count

1

One.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(A)(ii).

## COUNT THREE
### (Felon in Possession of a Firearm)

On about June 12, 2024, in the District of Maine, the defendant,

### TIMOTHY RILEY

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, namely,

Burglary, in the State of Maine, Cumberland County Superior Court, Docket No. PORSC-CR-2005-01082, judgment having entered on September 8, 2006;

Hobbs Act Robbery, District of Maine, United States District Court, Docket No. 2:06-cr-00047-GZS, judgement having entered on December 19, 2008;

Burglary, in the State of Maine, Cumberland County Superior Court, Docket No: CR-2002-00888, judgment having entered on May 16, 2003;

Robbery, in the State of Maine, Cumberland County Superior Court, Docket No. CUMCD-CR-2014-04503, judgment having entered on November 21, 2014;

knowingly possessed a firearm, to wit, a Glock, Model 19 handgun, Ser. No. UVP161, and the firearm was in and affecting commerce.

The grand jury further alleges that, before the defendant committed the offense charged in this count, the defendant had at least three previous convictions for offenses qualifying under 18 U.S.C. § 924(e)(2) that were committed on occasions different from one another.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

## FIRST FORFEITURE NOTICE

1.  Upon conviction of the offense in violation of Title 18, United States Code, Section 2113(a) and (d) set forth in Count One of this Indictment, the defendant,

**TIMOTHY RILEY**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

  a. $1,425.00 in US Currency; and

  b. a money judgment in the amount of those proceeds.

2.  If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty.

It is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981, and Title 28, United States Code, Section 2461.

## SECOND FORFEITURE NOTICE

1. Upon conviction of any of the offenses set forth in Counts One through Three of this Indictment, charging violations of Title 18, United States Code, Section 2113(a) and (d), Title 18, United States Code, Sections 924(c), and Title 18, United States Code, Sections 922(g)(1) and 924(e), respectively, the defendant,

**TIMOTHY RILEY**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense. The property to be forfeited includes, but is not limited to, the following:

    a. a Glock, Model 19 handgun, Ser. No. UVP161.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty.

It is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL,

Signature Redacted – Original on file with the Clerk's Office

Assistant United States Attorney
Date: SEPTEMBER 5, 2024